No. 29,415.

R. B. CHRISTY, *Appellee*, v. W. T. SINGLETON et al., *Appellants*.

(289 Pac. 479.)

Opinion filed July 5, 1930.

*C. A. Spencer, J. H. Jenson*, both of Oakley, *John H. Voorhees*, of Pueblo, Colo., and *James C. Lang*, of Eads, Colo., for the appellants.

*R. D. Armstrong*, of Scott City, *C. E. Vance, Clifford R. Hope* and *A. M. Fleming*, all of Garden City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the balance due on a promissory note. The answer pleaded want of consideration for the note and want of consideration for four notes not sued on which defendants prayed should be canceled. The answer also included the defense of fraud. A demurrer to defendants' evidence was sustained, and judgment was rendered for plaintiff. Defendants appeal.

The Horace State Bank was in a bad way and the bank commissioner was about to take it over. Defendants wanted to avoid double liability on their stock, and Christy agreed to render assistance. Pursuant to negotiations between Christy and defend-

ants, Christy took charge of the bank. Afterwards the bank commissioner made an assessment of 100 per cent on the capital stock, and defendants gave Christy a note for $5,800 in connection with payment of the assessment. Afterward the note sued on was given in renewal of the balance due on the $5,800 note. The bank commissioner ultimately closed the bank.

The substance of the defense was that in the beginning Christy said that the things defendants were to do were in consideration of his getting hold of the bank, seeing it through, and keeping it out of the hands of the banking department; and that when the $5,800 note was given, Christy's agent said there would be no liability on it. The trouble with the defense was that a number of written instruments were signed, showing, step by step, just what the relations between Christy and the defendants were; and what defendants wanted to do was to impeach, by oral testimony, the legal effect of the transactions disclosed by the instruments. The court heard the oral testimony and then struck it out. It would serve no useful purpose to print or summarize the various instruments, describe the conduct of the parties, including breach by defendants of their own express agreements, and show why the bank was not rehabilitated. There was abundant consideration for the note sued on, which was not procured by fraud, and there was no evidence to sustain a judgment for cancellation.

Hall has paid the judgment against him, and his appeal is dismissed. The judgment against the other defendants is affirmed.